Barrett Daffin Frappier Turner & Engel, L.L.P.
1900 St. James Place, Suite 500
Houston, Texas 77056

ATTORNEYS FOR THE HUNTINGTON NATIONAL BANK.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-35056-11 |
| | § | |
| CHARLES LITTLETON FRIDGE, III | § | CHAPTER 11 |
|     DEBTOR, | § | |
| | § | |
| | § | |
| THE HUNTINGTON NATIONAL | § | A hearing on the Motion for Relief |
| BANK | § | from Automatic Stay set for: |
|     MOVANT | § | |
| | § | FEBRUARY 4, 2025 |
| v. | § | 9:30 A.M. |
| | § | |
| | § | |
| CHARLES LITTLETON FRIDGE, III, | § | |
| AND DREW MCMANIGLE, | § | |
| SUBCHAPTER V TRUSTEE | § | |
|     RESPONDENTS. | § | JUDGE JEFFREY P. NORMAN |

### MOTION OF THE HUNTINGTON NATINOAL BANK , ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST, FOR RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. §362(a) AND/OR FOR ADEQUATE PROTECTION

### NOTICE

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF YOU OBJECT TO THE GRANTING OF RELIEF FROM THE AUTOMATIC STAY, YOU SHOULD CONTACT THE MOVANT IMMEDIATELY TO TRY TO REACH AN AGREEEMNT. IF YOU CANNOT REACH AN AGREEMENT, YOU MUST FILE A WRITTEN RESPONSE AND SEND A COPY TO MOVANT NOT LATER THAN JANUARY 28, 2025 AND YOU MUST ATTEND THE HEARING.**

**THE COPY SENT TO THE MOVANT MUST BE DELIVERED BY HAND OR ELECTRONICALLY**

**DELIVERED IF IT IS SENT LESS THAN 7 DAYS BEFORE THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE HEARING MAY BE AN EVIDENTIARY HEARING AND THE COURT MAY GRANT OR DENY RELIEF FROM THE STAY BASED ON THE EVIDENCE PRESENTED AT THIS HEARING.  IF A TIMELY OBJECTION IS FILED, THE COURT WILL CONDUCT A HEARING ON THIS MOTION ON FEBRUARY 4, 2025 AT 9:30 A.M. IN COURTROOM 403, 4TH FLOOR, U.S. FEDERAL COURTHOUSE, 515 RUSK, HOUSTON, TEXAS 77002**

**REPRESENTED [ARTIES SHOULD ACT THROUGH THEIR ATTORNEY**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE OF SAID COURT:

COMES NOW, The Huntington National Bank, its assigns and/or successors in interest, (hereinafter "Movant"), and files this Motion to For Relief from the Automatic Stay of 11 U.S.C. §362(a) and/or for Adequate Protection (hereinafter "Motion"), and in support thereof would respectfully show the Court the following:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334 and 157, and 11 U.S.C. §362(a).  This is a core proceeding.

2. On or about October 30, 2024, Debtor filed this petition for relief under Chapter 11, Subchapter V, of the Bankruptcy Code.

3. Movant is the owner/holder of a Motor Vehicle Retail Installment Sales Contract executed by Debtor (the "Retail Installment contract") relating to the purchase of a 2022 Ford F-150, VIN # 1FTFW1RG8NFB44253 (the "Vehicle").  A true and correct copy of the Retail Installment contract is attached hereto marked Exhibit "A"  Movant perfected its lien on the certificate of title for the Vehicle by application to the state for issuance of the certificate of title reflecting Movant's lien.  A true and

correct copy of the application for certificate of title is attached hereto marked Exhibit "B" and is incorporated herein by reference.

4. The Retail Installment Contract provided for monthly payments of $886.23, with the first such payment due September 22, 2024. Debtor made only one monthly payment prior to the filing of this bankruptcy proceeding. The Retail Installment Contract is currently contractually due for the October 22, 2024 monthly payment. Movant estimates that as of the date of the filing of this bankruptcy proceeding, Movant's secured claim will be in the amount of $50,248.95, plus costs and attorney's fees.

5. No post-petition payments have been received from the Debtor by Movant. The Debtor has not offered any post-petition adequate protection payments.

6. The Retail Installment requires that the Debtor maintain insurance on the Vehicle and that Movant be listed as an additional loss payee on the policy of insurance covering the Vehicle. Movant has requested, through Debtor's counsel, that the Debtor provide proof of such insurance. To date, the Debtor has failed to provide proof that the Vehicle is insured.

7. The Debtor lists the Vehicle in Schedule B as property of the estate valued at $65,000.00. Debtor lists the Vehicle in Schedule C as exempt property.

8. Debtor has failed and refused to provide adequate protection to Movant and has failed to provide proof that the Vehicle is insured.

9. The Debtor owns at least six (6) vehicles. As such, the Vehicle is not necessary for the Debtor's reorganization.

10. Based upon the foregoing, Movant requests the Court enter an order terminating the automatic stay of 11 U.S.C. §362(a) and permitting Movant to take possession of the Vehicle and, thereafter, proceed with the sale of the Vehicle to satisfy Movant's claim pursuant to the terms of the Retail Installment Contract and the laws of the state of Texas.

11. Movant requests that the provision of Bankruptcy Rule 4001(a)(3) be waived and any order terminating the automatic stay should be effective immediately.

WHEREFORE, PREMISES CONSIDERED, Movant prays that this Court:

a. Enter an Order Terminating the Automatic Stay with regard to Movant and the Vehicle; and

b. Alternatively, enter an order compelling Debtor to [provide proof of insurance covering the Vehicle and provide adequate protection payments to Movant; and

c. Order that the provision of Bankruptcy Rule 4001(a)(3) be waived and any order terminating the automatic stay should be effective immediately.

d. Such other and further relief at law or in equity as Movant may show itself justly entitled.

Respectfully submitted,

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP

/s/ MITCHELL J. BUCHMAN
MITCHELL J. BUCHMAN
TBA# 03290750
1900 St. James Place
Suite 500
Houston, Texas  77056
Phone:  (713) 693-2014
Fax:    (713) 693-2011
Email:  SDECF@BBWCDF.COM
ATTORNEYS FOR MOVANT

## CERTIFICATE OF CONFERENCE

I hereby certify that on December 11, 2024 at 10:24 a.m. and on December 18, 2024 at 11:39 a.m. Mitchell Buchman sent emails to the debtor's attorney demanding proof of insurance and requesting adequate protection payments.  Debtor has not provided any response.  This motion is deemed contested.

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP

/s/ MITCHELL J. BUCHMAN
MITCHELL J. BUCHMAN
TBA# 03290750

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was electronically filed on January 3, 2025, 2025, and served on the same day electronically or by First Class U.S. Mail, postage paid, in accordance with the Bankruptcy Rules to the following:

**ELECTRONICALLY OR BY REGULAR FIRST CLASS U.S. MAIL, POSTAGE PREPAID TO:**

**BY ELECTRONIC NOTICE OR REGULAR FIRST CLASS MAIL:**

**DEBTOR:**
CHARLES LITTLETON FRIDGE, III
111 CAROLINE ST #2405
HOUSTON, TX 77006

**DEBTOR'S ATTORNEY:**
RICHARD L. FUQUA, II
515 POST OAK BLVD., STE 850
HOUSTON, TX  77027

**SUBCHAPTER V TRUSTEE:**
DREW MCMANIGLE
700 MILAM, SUITE 1300
HOUSTON, TX 77002

HECTOR DURAN, JR.
OFF ICE OF THE US TRUSTEE
515 RUSK AVE STE 3516
HOUSTON, TX  77002

PARTIES REQUESTING NOTICE:
MATHEW PROBUS
THE PROBUS LAW FIRM
10497 TOWN AND COUNTRY WAY
SUITE 930
HOUSTON, TX 77024

ATTN: BMO BANK N.A.
AIS PORTOLIO SERVICES, LLC
4515 N SANTA FE AVE DEPT APS
OKLAHOMA CITY, OK 73118

KIM E. LEWINSKI
HIRSCH & WESTHEIMER, P.C.
1415 LOUSIANA, 36TH FLOOR
HOUSTON, TX 77002

SUSAN FUENTES
ASSISTANT COUNTY ATTORNEY
HARRIS COUNTY ATTORNEY'S OFFICE
P.O. BOX 2848
HOUSTON, TX 77252

MATHEW B GLEN
D. WOODARD GLEN P.C.
6301 GASTON AVENUE, SUITE 1214
DALLS, TX 75214

JARROD MARTIN
CHAMBERLIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.
1200 SMITH ST., SUITE 1400
HOUSTON, TX 77002

                              /s/ MITCHELL J. BUCHMAN
                              MITCHELL J. BUCHMAN
                              TBA# 03290750