IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHARLES LITTLETON FRIDGE, III, | § | Case No. 24-35056 (JPN) |
| | § | (Chapter 11) |
| Debtors. | § | |

**DANIELLE FRIDGE'S MOTION FOR AUTHORITY TO TAKE
THE 2004 EXAMINATION OF EMILY DAGGETT
PURSUANT TO RULE 2004 OF THE
<u>FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MOTION ON FEBRUARY 18, 2025, AT 11:00 O'CLOCK A.M. CENTRAL TIME IN COURTROOM 403, U.S. COURTHOUSE, 515 RUSK AVENUE, 4TH FLOOR, HOUSTON, TEXAS 77002.**

TO THE HONORABLE JEFFREY P. NORMAN, U.S. BANKRUPTCY JUDGE:

  COMES NOW, DANIELLE FRIDGE (the "Movant"), and makes this Danielle Fridge's

Motion for Authority to take the 2004 Examination of Emily Daggett Pursuant to Rule 2004 of

the Federal Rules of Bankruptcy Procedure as follows:

1

## I.

## INTRODUCTION

1. The Movant seeks entry of an order authorizing her to take a 2004 examination of Emily Daggett ("Daggett") and in connection with the examination compelling Daggett to produce certain documents pursuant to Fed. R. Bank. P. 2004.

## II.

## JURISDICTION, VENUE AND AUTHORITY

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a). Venue over this matter is proper under 28 U.S.C. § 1408. This Court has the constitutional authority to enter a final order in this matter, because it is a "core" matter under 28 U.S.C. § 157(b)(2)(A) and (O). If it is determined that this Court does not have constitutional authority to enter a final order, the Movant consents to entry of a final order with respect to this matter.

## III.

## BACKGROUND

3. On February 3, 2021, the Movant filed her petition for divorce in the Harris County District Family Court, 245th Judicial District (the "Divorce Case"). The Divorce Case involves a convoluted history of businesses and assets being sold, terminated, created, re-named, and/or transferred all during the pendency of the Divorce Case.

4. The Family Court removed the case from the trial docket, and on the Family Court's own motion, appointed a Discovery Master to manage the discovery of the case, due in large part to Debtor's failure to produce documents in the divorce suit. As of the filing of this bankruptcy suit, the Debtor was not in compliance with the Discovery Master's orders.

5. While the Divorce Case was pending, the Debtor also bought an engagement ring for Daggett in the amount of $151,550 (see Exhibit A). Upon reviewing the records from Harry Winston, it was discovered that the ring was purchased with funds from two different LLCs that the Debtor was the sole member of, specifically CCS Land Development, LLC and Verde CO2 CCS, LLC. The Movant had not been provided any documents or statements relating to CCS Land Development, LLC, though ordered by the Discovery Master.

6. Further, the Debtor has incurred debt with American Express, a creditor in this suit, for personal expenses for Daggett, to include vacations, flights, jewelry, clothing, wedding expenses, and the like. Debtor additionally added Daggett to his American Express credit card account as of March 2024. On October 11, 2024, shortly before filing this bankruptcy, Debtor purchased $8,551.75 worth of jewelry from Harry Winston for Daggett. (see Exhibit B).

7. The Debtor has also spent hundreds of thousands of dollars on furniture, furnishings, and artwork during the divorce and purchased most of those items using company dollars. On information and belief, these items were purchased from Daggett's business to funnel and hide cash from the Movant and the Family Court.

8. On April 25, 2024, Daggett was added as a Third-Party Respondent in the divorce suit on the belief that Daggett possessed community property or a right or interest in the community property of Movant and Debtor.

9. On September 12, 2024, the Movant filed her Danielle L. Fridge's First Amended Motion for the Appointment of a Receiver and Request for Audit (the "Receivership Motion"). The Receivership Motion was set for oral hearing before the Harris County Family District Court on October 30, 2024, at 9:00 a.m.

10. On October 23, 2024, Movant issued a Second Set of Written Interrogatories to Daggett, along with a Second Set of Request for Production and Inspection. On this date, a Motion to Compel against Daggett was also filed.

11. On October 30, 2024, at approximately 8:50 a.m., the Debtor filed his voluntary petition under Chapter 11 of the Bankruptcy Code in this Court to stop the hearing on the Receivership Motion from moving forward.

12. On October 31, 2024, Daggett was due to be deposed in the divorce suit. The automatic stay prevented the deposition from proceeding, along with the pending Motion to Compel against Daggett scheduled for November 15, 2024.

13. On October 23, 2024, just prior to filing his Chapter 11 petition, the Debtor flew in one of his private jets to the Bahamas for an unofficial "wedding" to Daggett. The Debtor contends that Daggett funded the wedding.

14. The Debtor is also leasing a 5-bedroom home with a pool in River Oaks for $16,000 per month and is living with Daggett in that home. The Debtor contends the lease payments and other household expenses are being made by Daggett and his mother.

15. The Debtor's schedule I shows the Debtor has no income and is living off $50,000 per month contributions from his mother. The Debtor's expenses on schedule J are more than $50,000 per month. The Debtor testified in his meeting of creditors that Daggett is paying for household expenses.

16. Daggett runs a small design furnishing business, of whom her primary client is Debtor, and the Debtor's mother is a retired schoolteacher. Movant believes that the Debtor has funds deposited in bank accounts under Daggett's name and his mother's name and is using those funds to pay for his lavish lifestyle.

4

17. The Debtor failed to file schedules within the time required under the Bankruptcy Code and Rules. The Debtor did not file schedules and a statement of financial affairs until December 6, 2024 – well over 30 days after the petition date – with no motion seeking an extension of time to file the schedules. The schedules and statement of financial affairs were insufficient. In particular, the Debtor did not list payments to creditors or gifts in his statement of financial affairs. At the meeting of creditors, the U.S. Trustee gave the Debtor a short window of time to file the amended schedules and statement of financial affairs. The Debtor still failed to file those as requested by the U.S. Trustee. At the status conference held on January 8, 2025, the U.S. Trustee brought this failure to the Court's attention and this Court entered an order requiring the Debtor to file the amended schedules and statement within 14 days. The Debtor has now failed again to file those amendments to the schedules and statement of financial affairs.

IV.

**ARGUMENT AND AUTHORITIES**

18. The Movant, as a party in interest, has shown good cause for her 2004 examination. The examination is necessary to determine whether fraudulent transfers have been made to Daggett, whether the Debtor has used Daggett to hide assets from the Movant and now from the creditors of the estate, and to determine how the Debtor is affording his lavish living expenses.

19. Rule 2004 states that on a party in interest's motion, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). The scope of the examination may relate to "(A) the debtor's acts, conduct, or property; (B) the debtor's liabilities and financial condition; (C) any matter that may affect the administration of the debtor's estate; or (D) the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b)(1)(A) – (D). In a chapter 11 case that is not a railroad case the examination may also relate to "(B) the source of any money or property the debtor acquired

or will acquire for the purpose of consummating a plan and the consideration given or offered; and (C) any other matter relevant to the case or to formulating a plan." Fed. R. Bankr. P. 2004(b)(2)(B) and (C).

20. "[T]he one seeking to conduct a 2004 examination has the burden of showing good cause for the examination which it seeks." *In re Eagle–Picher Industries, Inc.,* 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994). The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions, and assessing whether wrongdoing has occurred. See *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D. N.Y. 1996). The scope of a Rule 2004 examination "is very broad, broader even than discovery under the Federal Rules of Civil Procedure." *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D. N.Y. 2004). Any third party who has a relationship with a debtor may be made subject to a Rule 2004 investigation. See *Air Line Pilots Assoc., Int'l v. American Nat'l Bank and Trust Co. of Chicago (In re Ionosphere Clubs, Inc.)*, 156 B.R. 414, 432 (S.D. N.Y. 1993).

21. The Movant, as a party in interest, has shown good cause for its 2004 examination. The examination is necessary to determine whether and to what extent the Debtor has transferred cash or made gifts that constitute fraudulent transfers to Daggett. Further, the examination is needed to determine the true source of the Debtor's income being used to fund his lavish lifestyle while he is in a bankruptcy and owes over $10 million dollars to creditors. Finally, the Debtor was ordered by the Family Court to pay the Movant $17,000 per month in support, which the Debtor has wholly failed to pay since March 2024. The Debtor continues to live his lavish lifestyle on $50,000 per month with Daggett while he is in arrears on court ordered support payment and continues to refuse to make the payments.

V.

## CONCLUSION

22. Based on the reasons set forth herein, the Movant respectfully seeks an order from this Court authorizing an examination of Daggett with a request for documents.

**THE PROBUS LAW FIRM**

By:/s/ *Matthew B. Probus*
    **Matthew B. Probus**
    Texas State Bar No. 16341200
    Fed. I.D. No. 10915

10497 Town and Country Way, Suite 930
Houston, Texas 77024
Tel. (713) 258-2700
Fax (713) 258-2701
matthewprobus@theprobuslawfirm.com

*ATTORNEYS FOR CREDITOR*
*AND PARTY-IN-INTEREST,*
*DANIELLE L. FRIDGE*

### Certificate of Service

I hereby certify that on January 23, 2025, a true and correct copy of the foregoing instrument has been served upon all parties registered to receive notices by PACER via the Court's ECF/PACER system, which includes the Debtor's counsel, the United States Trustee, the Subchapter V Trustee, and parties requesting notice.

I also certify that on January 23, 2025, a true and correct copy of the foregoing instrument has been served on the Twenty Largest Unsecured Creditors by United States regular mail, first class, postage prepaid as follows:

American Express
P.O. Box 6031
Carol Stream, IL 60197

Frost Bank
P.O. Box 34746
San Antonio, TX 78265

American Education Services
P.O. Box 2461
Harrisburg, PA 17105

Bank of America
P.O. Box 660710
Dallas, TX 75266

Finally, I certify that on January 23, 2025, a true and correct copy of the foregoing instrument has been served on the prospective witness Emily Daggett, by United States regular mail, first class, postage prepaid at her residence located at 1307 Denman Road, Houston, TX 77019.

By: /s/ Matthew B. Probus
Matthew B. Probus