## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHARLES LITTLETON FRIDGE, III, | § | Case No. 24-35056 (JPN) |
| | § | (Chapter 11) |
| Debtors. | § | |

| | | |
|---|---|---|
| DANIELLE L. FRIDGE, | § | |
| | § | |
| Movant, | § | |
| | § | Motion for Relief from Stay |
| VS. | § | (Contested Matter) |
| | § | |
| CHARLES LITTLETON FRIDGE, III, | § | |
| | § | |
| Respondent. | § | |

## MOTION OF DANIELLE L. FRIDGE FOR
## LIMITED RELIEF FROM THE AUTOMATIC STAY
## TO ALLOW STATE COURT
## <u>DEPOSITIONS ON WRITTEN QUESTIONS TO PROCEED</u>

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON FEBRUARY 18, 2025, AT 9:30 O'CLOCK A.M. CENTRAL TIME BEFORE JUDGE JEFFREY P. NORMAN, IN COURTROOM 403, AT THE UNITED STATES COURTHOUSE, 515 RUSK AVENUE, 4TH FLOOR, HOUSTON, TEXAS 77002.**

TO THE HONORABLE JEFFREY P. NORMAN, U.S. BANKRUPTCY JUDGE:

COMES NOW, DANIELLE L. FRDGE (the "Movant"), and makes this her Motion of Danielle L. Fridge for Limited Relief from the Automatic Stay to Allow State Court Depositions on Written Questions to Proceed (the "Motion"), pursuant to 11 U.S.C. § 362(d)(1), Fed. R. Bankr. P. 4001, and L.B.R. 4001-1, and would show as follows:

## I.

## RELIEF REQUESTED

1.   The Movant seeks an order modifying the automatic stay to allow certain depositions on written questions that were propounded and served on witnesses in the divorce case to proceed. Copies of the depositions on written questions Movant seeks to proceed with are attached as Exhibit A.

## II.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. A motion for relief from the automatic stay is a core proceeding under 28 U.S.C. § 157(b)(2)(G).  This Court has the constitutional authority to enter a final order on this motion for relief from the automatic stay.  If it is determined that the bankruptcy judge does not have constitutional authority to enter a final order or a judgment in this matter, the Movant consents to entry of a final order or judgment on this motion.

## III.

## BACKGROUND FACTS

3.   On February 3, 2021, the Movant filed her petition for divorce in the Harris County District Family Court, 245th Judicial District (the "Divorce Case"). The Divorce Case  involves  a

convoluted history of businesses and assets being sold, terminated, created, re-named, and/or transferred all during the pendency of the Divorce Case.

    4. In the month preceding the bankruptcy filing and up until the days immediately prior to the filing, the Movant issued depositions on written questions on the following witnesses in the Divorce Case:

        a. Amegy Bank, issued September 24, 2024

        b. NextFund, issued September 30, 2024

        c. American Express, issued October 11, 2024

        d. Bows and Arrows Flowers, issued October 25, 2024

        e. Preisler Productions LLC, issued October 25, 2024

        f. Chris Bailey Photography, issued October 25, 2024 (*remains unserved)

        g. 31 Films, L.L.C., issued October 25, 2024

        h. ACE Endeavors, Inc., issued October 25, 2024

        i. Etoilly Artistry, LLC, issued October 25, 2024 (*remains unserved)

    5. Attorneys on behalf of the witnesses had already begun reaching out to the Movant's divorce counsel to discuss deadlines for responding and production of documents requested in the depositions.

    6. On October 30, 2024, the Debtor filed his voluntary petition under Chapter 11 of the Bankruptcy Code. The automatic stay has prevented the Movant from proceeding with the above outstanding depositions on written question.

## IV.

## <u>ARGUMENT AND AUTHORITIES</u>

7.   This Court should lift the automatic stay for Movant to pursue claims against the Debtor relating to the discovery and recovery of assets and funds in the court in which the divorce is pending, pursuant to 11 U.S.C. § 362(d)(1).  Under section 362(d)(1), the Court must grant relief on the request of a party in interest "for cause."  Section 362(d)(1) of the Bankruptcy Code does not define "cause," and bankruptcy courts must determine whether "cause" exists "on a case-by-case basis based on an examination of the totality of circumstances." *In re Reitnauer*, 152 F.3d 341, 343 n. 4 (5th Cir. 1998) (holding debtor's lack of good faith in filing a bankruptcy petition maybe an appropriate ground for lifting the automatic stay) (citing *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992) (finding no abuse of discretion where stay was lifted for cause to allow state court to enter equitable distribution judgment)); *In re Mendoza,* 111 F.3d 1264 (5th Cir. 1997).

8.   Courts have used a broad range of factors in finding cause to grant relief including: the interests of judicial economy and the expeditious and economical resolution of litigation; whether litigation in another forum would prejudice the interests of other creditors; and the impact of the stay on the parties and the balance of harms. *See In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984) (enumerating factors from case law that may be considered in determining whether to modify the stay to permit litigation against the debtor to proceed in another forum). In determining whether cause exists, the Court must balance the inherent hardships on all parties and base its decision upon the degree of hardship and the overall goals of the Bankruptcy Code. *Matter of Northtown Mall Assoc.*, 3 F.3d 436 (5th Cir. 1993), *citing In re Opelika Mfg. Corp.*, 66 B.R. 444 (Bankr. N.D. Ill. 1986).

4

9.  In *In re Sonnax Indus.*, 907 F.2d 1280, 1286 (2nd Cir. 1990), the Second Circuit Court

of Appeals looked to the twelve factors catalogued by the bankruptcy court in *In re Curtis*, 40 B.R.

795 (Bankr. D. Utah 1984), to determine whether the automatic stay should lift to allow litigation

to continue. Although the Second Circuit in *Sonnax* found only four of the factors relevant to its

determination, the twelve factors catalogued by the bankruptcy court in *Curtis* are: (1) whether

relief would result in a partial or complete resolution of the issues; (2) lack of any connection with

or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as

a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to

hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for

defending it; (6) whether the action primarily involves third parties; (7) whether litigation in

another forum would prejudice the interests of other creditors; (8) whether the judgment claim

arising from the other action is subject to equitable subordination; (9) whether movant's success

in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of

judicial economy and the expeditious and economical resolution of litigation; (11) whether the

parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the

balance of harms.

10. This Court is not bound by the holdings of *Sonnax* or *Curtis*, but the twelve factors

catalogued by the *Curtis* court do provide some helpful guidance.  The factors weigh in favor of

granting relief from the stay.

### Factor No. 1: Whether relief would result in a partial or complete resolution of the issues.

11. The first factor weighs in favor of modifying the stay, because obtaining the documents

from the witnesses may lead to resolution of the Debtor's divorce through mediation with the

Movant. The relief would certainly result in a partial resolution of the issues by providing evidence of the status of estate assets and prepetition transfers made by the Debtor.

**Factor No. 2: The lack of any connection with or interference with the bankruptcy case.**

12. The second factor weighs in favor of modifying the stay, because there will be no interference with the bankruptcy case by allowing these witnesses to respond to the previously served depositions on written questions.

**Factor No. 3: Whether the other proceeding involves the debtor as a fiduciary.**

13. The third factor weighs in favor of modifying the stay because the divorce case involves the Debtor as a fiduciary to Movant. *Puntarelli v. Peterson*, 405 S.W.3d 131, 137-38 (Tex. App. – Houston [1st Dist.] 2013, no pet.); *Zieba v. Martin*, 928 S.W.2d 782, 789 (Tex. App. – Houston [14th Dist.] 1996, no pet.).

**Factor No. 4: Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action.**

14. The fourth factor is neutral, because the Movant is not seeking to have the divorce litigation overall move forward.

**Factor No. 5: Whether the debtor's insurer has assumed full responsibility for defending it.**

15. The fifth factor is neutral, because there is no insurance responsible.

**Factor No. 6: Whether the action primarily involves third parties.**

16. The sixth factor weighs in favor of modifying the stay. The depositions on written question involve only witnesses, not the Debtor.

**Factor No. 7: Whether litigation in another forum would prejudice the interests of other creditors.**

17. The seventh favor weighs in favor of modifying the stay, because the Movant is not seeking to move forward generally with litigation in the divorce court. There will be no prejudice to the interests of other creditors. In fact, the documents that would be obtained from the depositions on written question may substantially benefit other creditors of the estate by providing information about assets and fraudulent transfers made by the Debtor.

**Factor No. 8: Whether the judgment claim arising from the other action is subject to equitable subordination.**

18. This factor weighs in favor of modifying the automatic stay. There will not be a judgment in the divorce case at this time, because the Movant does not seek to lift the stay to litigate in the divorce case generally.

**Factor No. 9: Whether Movant's success in the other proceeding would result in a judicial lien avoidable by the Debtor.**

19. The ninth factor weighs in favor of modifying the stay for the same reason that factor 8 weighs in favor of lifting the stay.

**Factor No. 10: The interests of judicial economy and the expeditious and economical resolution of litigation.**

20. The tenth factor weighs in favor of modifying the stay, because the depositions on written questions have already been issued on the witnesses, and the witnesses have already begun gathering responsive documents prior to the filing of the bankruptcy. Modifying the automatic stay will provide the documents needed far quicker than having new notices issued and served.

**Factor No. 11: Whether the parties are ready for trial in the other proceeding.**

21. The eleventh factor weighs in favor of modifying the stay, because the Movant is not seeking to move forward in litigation towards a trial.

**Factor No. 12: Impact of the stay on the parties and the balance of harms.**

22. The twelfth factor weighs in favor of modifying the stay. The Movant will be harmed by not obtaining the documents from the witnesses which relate to the Debtor's finances, assets, and transfers. The Debtor and other creditors will not be impacted by modifying the stay to allow the depositions on written questions to proceed.

**V.**

**CONCLUSION**

23. There is cause to lift the automatic stay to allow the Movant to proceed with the depositions on written questions that have already been issued in the divorce case. This Court should enter an order modifying the stay for this purpose.

WHEREFORE, PREMISES CONSIDERED, DANIELLE L. FRIDGE, movant, respectfully requests that this Court modify the automatic stay to permit the Movant to proceed with the depositions on written questions that were issued and outstanding in the divorce case.

DATED:          January 23, 2025          **THE PROBUS LAW FIRM**

By:*/s/ Matthew B. Probus*
      **Matthew B. Probus**
      Texas State Bar No. 16341200
      Fed. I.D. No. 10915

      10497 Town and Country Way, Suite 930
      Houston, Texas 77024
      Tel. (713) 258-2700
      Fax (713) 258-2701
      matthewprobus@theprobuslawfirm.com

      *ATTORNEYS FOR CREDITOR*
      *AND PARTY-IN-INTEREST,*
      *DANIELLE L. FRIDGE*

## Certificate of Conference

On January 2, 2025, the undersigned sent an email to Debtor's counsel asking if he would agree to a limited lifting of the stay to allow the depositions on written questions to move forward. In addition, in a telephone discussion with Debtor's counsel on January 8, 2025, the undersigned asked if Debtor opposed this limited relief from the stay. He said he would get with his client to see. On January 9 and 15, 2025, the undersigned sent emails asking Debtor's counsel if the Debtor would agree to lifting the stay for the limited purposed of allowing the depositions on written questions to move forward. To date, the Debtor's counsel has not given any response to the undersigned's requests.

By:/s/ Matthew B. Probus
Matthew B. Probus

## Certificate of Service

I hereby certify that on January 23, 2025, a true and correct copy of the foregoing instrument has been served upon all parties registered to receive notices by PACER via the Court's ECF/PACER system, which includes the Debtor's counsel, the United States Trustee, the Subchapter V Trustee, and parties requesting notice.

I also certify that on January 23, 2025, a true and correct copy of the foregoing instrument has been served on the Twenty Largest Unsecured Creditors by United States regular mail, first class, postage prepaid as follows:

American Express
P.O. Box 6031
Carol Stream, IL 60197

Frost Bank
P.O. Box 34746
San Antonio, TX 78265

American Education Services
P.O. Box 2461
Harrisburg, PA 17105

Bank of America
P.O. Box 660710
Dallas, TX 75266

Finally, I certify that on January 23, 2025, a true and correct copy of the foregoing instrument has been served on the witnesses whose depositions on written questions the movant seeks, by United States regular mail, first class, postage prepaid as follows:

Amegy Bank National Association
c/o Corporation Service Company d/b/a CSC- Lawyers Inc.
211 E. 7th Street, Suite 620
Austin, TX 78701

NextFund
6771 Professional Pkwy. W., Ste. 202
Sarasota, FL 34240

American Express Company
200 Vesey Street
New York, NY 10285

Bows and Arrows Flowers
c/o Adam Rico
4908 Bryan Street
Dallas, TX 75206

Preisler Productions LLC
c/o United States Corporation Agents, Inc.
10601 Clarence Drive, Ste. 250
Frisco, TX 75033

Chris Bailey Photography
c/o Christopher Bailey
4809 Blossom Street
Houston, TX 77007

31 Films, L.L.C.
c/o Joseph L. Mathews
10506 Fairview
Conroe, TX 77385

ACE Endeavors, Inc.
c/o Ann C. Eifler
3201 Allen Parkway, Suite 275
Houston, TX 77019

Etoilly Artistry LLC
c/o Kailey Nouis
4403 Ashford Drive
Dallas, TX 75214

By:   /s/ Matthew B. Probus
      Matthew B. Probus