IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| Charles Littleton Fridge, III, | § | |
| | § | Case No. 24-35056 (jpn) |
| Debtor. | § | |
| | § | |

**WOODSIDE ENERGY'S EMERGENCY
MOTION FOR EXTENSION OF TIME TO OBJECT TO DISCHARGE**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION TO EXPEDITE, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULDIMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE JEFFREY P. NORMAN,
UNITED STATES BANKRUPTCY JUDGE:

Woodside Energy (USA New Energy Holdings) LLC and Woodside Energy Service Inc. (hereinafter, "Woodside" or "Woodside Energy"), a potential creditor and party in interest, files this *Emergency Motion for Extension of Time to Object to Discharge* (the "Motion") pursuant to Federal Rule of Bankruptcy Procedure 4004(b)(1) and, to the extent applicable, 4004(b)(2), and respectfully shows as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334(b), and through the standing order of reference from the United States District Court for the Southern District of Texas referring to this Court all cases and proceedings in this District arising in or related to a case under Title 11 of the United States Code (the "Bankruptcy Code").

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

4. The statutory bases for the relief requested herein are 11 U.S.C. §§ 523 and 727 of the Bankruptcy Code, and Rule 4004 of the Federal Rules of Bankruptcy Procedure.

**BACKGROUND AND RELIEF REQUESTED**

5. On October 30, 2024, the Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code.

6. Woodside is not on the Debtor's creditor matrix – and, on information and belief, did not receive notice of this bankruptcy case filing.[1]

7. When Woodside retained counsel for this matter, the docket reflected that the deadline to object to the Debtor's discharge was March 28, 2025:

| 01/28/2025 | | Deadlines Updated : Last day to oppose discharge is 3/28/2025. (trc4) (Entered: 01/28/2025) |
|---|---|---|

---

[1] Woodside previously entered into an agreement with Verde CO2 CCS LLC ("Verde CO2") on or around Dec. 15, 2023. Verde CO2 subsequently breached that agreement. Accordingly, Woodside initiated a lawsuit for breach of contract and other claims against defendant Verde CO2 in Harris County on Feb. 19, 2025. *See* Original Petition, attached hereto as **Exhibit A**.

8.     Moreover, the Debtor has filed its Monthly Operating Reports ("MORs"),[2] and has attached bank statements for his businesses: Verde CO2 CCS II, LLC, and Verde CO2 (collectively, "Verde"). Verde's bank statements reflect numerous personal expenditures, including multiple expenses to DoorDash, Specs, Wholefoods, as well as bars, such as Canyon Creek and Flying Saucer.

9.     Woodside, which is familiar with Verde's business, has reason to believe that Debtor's Statement of Financial Affairs and Monthly Operating Reports are incomplete and/or reflect incorrect information.

10.     Woodside intends to file a *Notice of Rule 2004 Examination* and related subpoena, seeking the discovery of Verde's bank statements since January 1, 2023.

11.     Verde's bank statements and related documents are in the exclusive possession, custody, and control of the Debtor.

12.     To the extent that the Debtor has stripped and/or fraudulently transferred assets from Verde, or otherwise sought to conceal assets from potential creditors, then Woodside reserves its right to pursue those claims against the Debtor.

## RELIEF REQUESTED

13.     Pursuant to Federal Rule of Bankruptcy Procedure 4004(b)(1), "[o]n motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge. The motion shall be filed before the time [to object] has expired." FED. R. BANKR. P. 4004(b)(1).

14.     Based on the court's docket entry, the time to object to discharge has not expired; however, emergency relief is warranted because the deadline to object to the discharge is currently

---

[2] Filed at Doc. Nos. 55, 65, and 82.

set for March 28, 2025 (i.e., in less than four (4) days). Accordingly, the relief requested will provide Woodside the time required to prepare, serve, and conduct the necessary discovery.

15. To the extent that the deadline has expired,[3] then Woodside would respectfully ask that the extension be granted to Woodside pursuant to Bankruptcy Rule 4004(b)(2):

> A motion to extend the time to object to discharge may be filed after the time for objection has expired **and before discharge is granted** if (A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to permit an objection. The motion shall be filed promptly after the movant discovers the facts on which the objection is based.

FED. BANKR. RULE 4004(b)(2) (emphasis added).

16. Here, the Debtor has not yet been granted a discharge. Woodside has reason to believe that it has a claim against the Debtor, individually, under § 727(d) of the Bankruptcy Code. And, until Woodside learned of this case, and saw the Debtor's MORs, Woodside did not yet have knowledge of the facts in time to permit an objection. Woodside believes that it may have a claim against the Debtor and seeks the opportunity to pursue that potential claim.

17. Moreover, another creditor (Nalin Kumar) and the US Trustee have recently been granted an extension to object to discharge until May 27, 2025. Accordingly, Woodside's request for an extension is not sought to delay or hinder the bankruptcy process. Woodside asks for the same relief given to these parties in order to give Woodside sufficient time to complete discovery.

18. Woodside files this Motion to preserve its right to object to the discharge pursuant to Sections 523 and 727 of the Bankruptcy Code.

---

[3] The docket text, which reflects the deadline to object to discharge being extended to March 28, 2025 (which appears to apply to all creditors) may conflict with the Court's orders (entered at Doc. Nos. 42 and 91), which appear only to give extensions to Nalin Kumar and the US Trustee. To the extent that is the case, then Woodside respectfully asks that this Court give an extension to Woodside under Rule 4004(b)(2), Section 105, or as otherwise may be permissible under the Bankruptcy Code and Rules.

**CONCLUSION**

WHEREFORE Woodside respectfully requests that the Court grant this Motion and (i) extend its time to object to Debtor's discharge until May 27, 2025; (ii) preserve Woodsides right to request additional extensions if needed, and (iii) for such other further relief as the Court deems appropriate.

Dated: March 24, 2025

Respectfully submitted:

K<small>EAN</small> M<small>ILLER</small> LLP

/s/ Rachel T. Kubanda
Rachel T. Kubanda
Texas State Bar No. 24093258
Rachel.Kubanda@keanmiller.com
Lloyd A. Lim
State Bar No. 24056871
Lloyd.Lim@KeanMiller.com
Kristina P. Tipton
Texas State Bar No. 24143465
Kristina.tipton@keanmiller.com
711 Louisiana Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 844-3000
Telecopier: (713) 844-3030

***Attorneys for Woodside Energy***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on March 24, 2025, a true and correct copy of this document was served via the Court's ECF notification system on all parties entitled to notice thereby as permitted by Local Rules of the U.S. Bankruptcy Court for the Southern District of Texas.

By: */s/ Rachel T. Kubanda*
      Rachel T. Kubanda