Case 24-35056   Document 94-1   Filed in TXSB on 03/24/25   Page 1 of 11

2/19/2025 8:35 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 97527509
By: Monica Jackson
Filed: 2/19/2025 8:35 AM

## EXHIBIT A

No. _____

| | | |
|---|---|---|
| WOODSIDE ENERGY (USA NEW ENERGY HOLDINGS) LLC, | § § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| VERDE CO2 CCS LLC, | § § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Woodside Energy (USA New Energy Holdings) LLC files this Original Petition for against Defendant Verde CO2 CCS LLC and respectfully shows as follows:

## DISCOVERY CONTROL PLAN REQUIRED

1. This case should be governed by Discovery Control Plan Level 2.

## PARTIES

2. Plaintiff Woodside Energy (USA New Energy Holdings) LLC ("Woodside") is a Delaware limited liability company with its principal place of business in Houston, Harris County, Texas.

3. Defendant Verde CO2 CCS LLC ("Verde") is a Delaware limited liability company with its principal place of business in Houston, Harris County, Texas. Verde may be served through its registered agent for service, Charles L. Fridge, 3000 Smith Street, Suite 1, Houston, Texas 77006, or wherever he may be found.

**JURISDICTION AND VENUE**

4. This Court has personal jurisdiction over Verde because, upon information and belief, Verde:

(a) has conducted business in the State of Texas at all material times;

(b) has contracted with Texas residents and citizens; and

(c) has sufficient minimum contacts with the State of Texas such that the assumption of jurisdiction will not offend traditional notions of fair play and substantial justice.

5. This Court has jurisdiction over this action pursuant to Sections 24.007 and 24.008 of the Texas Government Code. The damages sought herein are within the jurisdictional limits of this Court. Woodside seeks monetary relief over $1,000,000.

6. A substantial part of the events giving rise to the claims alleged herein occurred in Harris County, Texas. Further, Harris County, Texas is the county of the Defendant's principal office in this state. Accordingly, venue is proper in Harris County, Texas pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code.

**FACTS**

7. Verde is involved in the development of a carbon dioxide sequestration project in Liberty County, Texas (the "Raywood Property").

8. In 2023, Woodside investigated the possibility of acquiring an interest in the Raywood Property.

9. To give Woodside time to conduct technical and commercial due diligence to make a decision whether or not to enter into a definitive agreement to acquire an interest in the Raywood Property, on or about December 15, 2023, Woodside and Verde entered

into a letter agreement (the "December 2023 Letter Agreement") under which Verde agreed, among other things, that it would not lease, sell, encumber, transfer, or otherwise dispose of the Raywood Property (or enter into or solicit any agreement or other commitment to do so) during the Term[1] of the December 2023 Letter Agreement. In return for this exclusivity arrangement, Woodside agreed to make a one-time payment to Verde in the amount of $1,000,000 (the "Exclusivity Payment"). The parties agreed that the Exclusivity Payment would be applied as a credit to any development costs that Woodside agreed to assume if the parties ultimately entered into a definitive agreement. Otherwise, the Exclusivity Payment would be non-refundable.

10. Additionally, Woodside agreed in the December 2023 Letter Agreement to make a one-time payment to Verde in the amount of $3,730,500.00 (the "Capital Expense Prepayment") as an advance payment to be used by Verde exclusively for the acquisition of pipe for the Raywood Property. The parties agreed that if they executed a definitive agreement, the Capital Expense Prepayment would be applied as a credit towards any minimum funding commitment with respect to the Raywood Property. However, unlike the Exclusivity Payment, the Capital Expense Prepayment was refundable. In Section 7 of the December 2023 Letter Agreement, the parties expressly agreed that "[i]n the event

---

[1] Section 1 of the December 2023 Letter Agreement states that it "shall terminate at the earlier of: (a) the delivery by Verde to Woodside of a notice of termination in the event that the Exclusivity Payment is not timely paid in accordance with Section 3, (b) the Parties' execution of a definitive agreement establishing participation in, operation of, and governance for, the development of the Raywood Property and as amongst the Parties, their rights, duties and obligations in respect of the conduct of operations (the 'Definitive Agreement'); or (c) May 1, 2024, unless the Parties mutually agree to extend this Agreement in writing (such period of time, the 'Term')."

3

Woodside and Verde fail to execute a Definitive Agreement, Woodside shall be entitled to a refund of the Capital Expense Prepayment, which shall be payable to Woodside within 30 days of the Term." The parties also agreed that "[i]f Verde failed to timely refund any portion of the Capital Expense Prepayment that may become due ('Refund Default'), Woodside shall have the right, but not the obligation, to secure for its own account, sell to others, or otherwise dispose of any pipe that Verde or its Affiliates purchased for the Raywood Property with the value of the pipe or proceeds of such disposal, as applicable, credited to the Refund Default amount."

11. The parties did not execute a definitive agreement, and the Term of the Letter Agreement expired on May 1, 2024. Therefore, Verde was obligated to refund the Capital Expense Prepayment by May 30, 2024. Verde did not do so.

12. On July 25, 2024, Woodside sent a letter notifying Verde that the refund of the Capital Expense Prepayment was past-due, and it demanded that Verde refund the Capital Expense Prepayment by August 8, 2024. Verde did not do so.

13. On August 16, 2024, Verde notified Woodside in writing that it "recognizes and in no way disputes its debt to Woodside of $3,730,500" for for the refund of the Capital Expense Prepayment. However, Verde requested an extension to refund the Capital Expense Prepayment, ostensibly due to an ongoing sale process relating to Verde's assets. Based on Verde's representations, Woodside agreed. On August 30, 2024, Woodside and Verde entered into another letter agreement (the "August 2024 Letter Agreement") under which Woodside agreed to extend the deadline for Verde to refund the Capital Expense Prepayment until December 1, 2024. The parties also agreed that, in consideration of the

4

extension of the refund deadline, "interest at a rate of 2% above the prime lending rate or 'prime rate' for the United States, as published from time to time in The Wall Street Journal, will begin to accrue on a daily basis on December 2, 2024 compounding each day, on the Capital Expense Prepayment amount if it has not been paid in full by that time."

14. Despite the extension, Verde did not refund the Capital Expense Prepayment by December 1, 2024.

15. On February 4, 2025, Woodside sent another letter to Verde. In that letter, Woodside requested that Verde provide, on or before February 7, 2025, an itemized listing of any and all pipe that Verde or its Affiliates purchased for the Raywood Property. Woodside also demanded again that Verde refund of the Capital Expense Prepayment plus interest on or before February 14, 2025. Verde did not provide the listing, nor did it refund the Capital Expense Prepayment. Since that time, Verde has not offered any explanation for its failure to do either of those things. Woodside, therefore, has a legitimate concern regarding the whereabouts and condition of any pipe that Verde or its Affiliates purchased for the Raywood Property as well as Verde's intent and ability to refund the Capital Expense Prepayment.

## CAUSE OF ACTION

### Count 1 – Breach of Contract

16. Woodside realleges and incorporates all previous paragraphs above as if fully set forth herein.

17. The December 2023 Letter Agreement and the August 2024 Letter Agreement are valid, enforceable contracts between Woodside and Verde.

5

18. Woodside has fully performed under those contracts.

19. Verde breached the December 2023 Letter Agreement and the August 2024 Letter Agreement by failing to refund the Capital Expense Prepayment.

20. Verde's breach has proximately caused damages to Woodside, for which damages Woodside now sues.

21. Woodside has presented its claim to Verde on multiple occasions, and Verde did not tender payment for the just amount owed within thirty days. Therefore, pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code, Woodside is entitled to recover a reasonable amount for attorneys' fees incurred in connection with its claim.

## Count II – Application for Temporary Restraining Order

22. Woodside realleges and incorporates all previous paragraphs above as if fully set forth herein.

23. Woodside requests a Temporary Restraining Order to enjoin Verde, and all other persons or entities in active concert or participation with Verde who receive notice of the Temporary Restraining Order by personal service or otherwise, from selling, encumbering, transferring, utilizing, or otherwise disposing of any pipe that Verde or its affiliates purchased for the Raywood Property.

24. To obtain a temporary injunction under the common law, the applicant must plead and prove three elements: (1) a cause of action against the defendant, (2) a probable right to the relief sought, and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002).

6

25. Here, Woodside has a cause of action against Verde for breach of contract, and it is probable that Woodside will prevail against Verde on the merits. As described above, Verde breached the December 2023 Letter Agreement and the August 2024 Letter Agreement by failing to refund the Capital Expense Prepayment, and it has stated in writing that it "recognizes and in no way disputes its debt to Woodside of $3,730,500."

26. Further, if Woodside's application is not granted, it is probable that it will suffer an imminent and irreparable injury in the interim. Under Texas practice, "[a]n injury is irreparable if there is no adequate remedy at law." *Kennedy v. Gulf Coast Cancer & Diagnostic Ctr. at Se., Inc.*, 326 S.W.3d 352, 360 (Tex. App.—Houston [1st Dist.] 2010, no pet.). And "[t]here is no adequate remedy at law if damages are incapable of calculation or if a defendant is incapable of responding in damages. *Noble Drilling (U.S.) LLC v. Wheeler*, No. 14-22-00185-CV, 2024 WL 2859650, at *2 (Tex. App.—Houston [14th Dist.] June 6, 2024, no pet.); *Osaka Japanese Rest., Inc. v. Osaka Steakhouse Corp.*, No. 14-09-01031-CV, 2010 WL 3418206, at *2 (Tex. App.—Houston [14th Dist.] Aug. 31, 2010, no pet.) (same); *see also Huynh v. Blanchard*, 694 S.W.3d 648, 682 (Tex. 2024) ("Defendants do not challenge the finding that some of them are incapable of responding in damages, which is one recognized ground for concluding that an available legal remedy is inadequate"). The latter applies here. Verde's unwillingness to refund the Capital Expense Prepayment or even to provide an itemized listing of the pipe purchased for the Raywood Property in the face of its unqualified admission that it is liable for the Capital Expense Prepayment raises serious concerns about the whereabouts and condition of the pipe as well as Verde's ability to pay the undisputed amount owed.

27. As noted, Woodside has the right to secure for its own account, sell to others, or otherwise dispose of any pipe that Verde or its affiliates purchased for the Raywood Property. If Verde, or any other person or entity in active concert or participation with Verde, sells, encumbers, transfers, utilizes, or otherwise disposes of any pipe that Verde or its affiliates purchased for the Raywood Property, Woodside will lose that right, and it may be left with no remedy at law.

28. Woodside is willing to post a bond.

## Count III – Application for Temporary Injunction

29. Woodside realleges and incorporates all previous paragraphs above as if fully set forth herein.

30. Woodside requests a Temporary Injunction to enjoin Verde, and all other persons or entities in active concert or participation with Verde who receive notice of the Temporary Injunction by personal service or otherwise, from selling, encumbering, transferring, utilizing, or otherwise disposing of any pipe that Verde or its affiliates purchased for the Raywood Property.

31. As described above, Woodside has a cause of action against Verde for breach of contract, it is probable that Woodside will prevail against Verde on the merits, and there is a probable, imminent, and irreparable injury in the interim if Woodside's application is not granted.

32. Woodside is willing to post a bond.

8

### Count IV – Permanent Injunction

33. Woodside realleges and incorporates all previous paragraphs above as if fully set forth herein.

34. Woodside seeks permanent injunctive relief to enjoin Verde, and all other persons or entities in active concert or participation with Defendants who receive notice of the Permanent Injunction by personal service or otherwise, from selling, encumbering, transferring, utilizing, or otherwise disposing of any pipe that Verde or its affiliates purchased for the Raywood Property.

### CONDITIONS PRECEDENT

35. All conditions precedent to the assertion of the claims alleged herein have occurred or they have been waived by Verde.

### PRAYER

WHEREFORE, Plaintiff Woodside Energy (USA New Energy Holdings) LLC respectfully prays for:

(a) A temporary restraining order issued prior to formal hearing restraining Defendant as set forth above;

(b) A temporary injunction issued after notice to Defendant and an evidentiary hearing enjoining Defendant as set forth above;

(c) A permanent injunction be issued upon trial on merits of this case enjoining Defendant as set forth above;

(d) Attorneys' fees;

(e) Pre- and post-judgment interest at the maximum legal rate as allowed by contract or the law;

(f)  Costs of suit; and

(g)  All other relief to which Plaintiff Woodside Energy (USA New Energy Holdings) LLC may show itself entitled at law or in equity.

        Respectfully submitted,
        BECK REDDEN LLP

        By:_____
          David W. Jones
          State Bar No. 00790980
          djones@beckredden.com
        1221 McKinney Street, Suite 4500
        Houston, Texas 77010
        Telephone: (713) 951-3700
        Telecopier: (713) 951-3720

        Attorneys for Plaintiff Woodside Energy (USA New Energy Holdings) LLC

Unofficial Copy Office of Marilyn Burgess District Clerk

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

David Jones on behalf of David Jones
Bar No. 790980
djones@beckredden.com
Envelope ID: 97527509
Filing Code Description: Petition
Filing Description: PLAINTIFF???S ORIGINAL PETITION
Status as of 2/19/2025 9:46 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David W.Jones | | djones@beckredden.com | 2/19/2025 8:35:19 AM | NOT SENT |